IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CESAR DE LA GARZA | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-39 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Cesar De La Garza, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

On September 20, 2022, the court entered a Preliminary Filing Fee Order (doc. #4) directing Petitioner to either pay the $5 filing fee or submit a properly certified Application to Proceed *in Forma Pauperis* showing deposits into his inmate trust account during the preceding six month period. Petitioner was given 20 days to comply with the court's order. The time for complying with the order has expired. However, Petitioner has not complied with the court's order or otherwise contacted the court.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

By failing to comply with the order described above, Petitioner has failed to diligently prosecute this Petition for Writ of Habeas Corpus. As a result, this case should be dismissed for want of prosecution.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this the 14th day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE